# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| H. ANTHONY JAMES, | DOCKET NUMBER |
| Appellant, | CH-0752-13-2717-I-2 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: September 26, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

H. Anthony James, Camp Dennison, Ohio, pro se.

Lynn Donley, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his resignation appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant was previously employed with the U.S. Postal Service and accepted a disability retirement in 1993. Initial Appeal File (IAF), Tab 1 at 9. In 2008, he began employment with the agency's United States Citizenship and Immigration Services (USCIS) as a GS-05 Clerk. *Id.* at 11. Throughout the appellant's employment with USCIS, he received a disability retirement annuity from the Office of Personnel Management (OPM). Refiled Appeal File (RAF), Tab 5 at 4.

¶3    On January 24, 2011, the agency informed the appellant that his salary should have been offset over the entire course of his employment with USCIS by the amount of his disability retirement annuity. IAF, Tab 1 at 9. Because that had not occurred, the agency stated that he became obligated for repayment, which the agency would recoup upon receiving verification from OPM. *Id.* On February 6, 2011, the appellant resigned. IAF, Tab 7 at 9. He indicated in his resignation letter that his salary for pay period two was reduced by 50%. *Id.* The agency sent him notice of intent to offset his salary on February 8, 2011. RAF,

Tab 1 at 12. Subsequently, the agency deducted a portion of the overpayment from his salary for the third and fourth pay periods in 2011. RAF, Tab 5 at 5. On February 22, 2011, the appellant signed an agreement with the agency to have $25 deducted for each pay period, even though he no longer worked for the agency. RAF, Tab 1 at 13.

¶4      On February 15, 2013, the agency informed the appellant that his request for waiver of salary overpayments was denied. IAF, Tab 1 at 7. On August 16, 2013, an administrative law judge from the United States Coast Guard issued a decision and order in a separate Debt Collection Act proceeding, finding that the agency failed to establish the existence of the appellant's debt. *Id.* at 12-26. The agency refunded to the appellant its prior salary deductions, pursuant to that decision. RAF, Tab 5 at 5. Moreover, the agency waived the debt. RAF, Tab 3 at 5.

¶5      The appellant filed an appeal to the Board alleging that his resignation was based on deception and misinformation because the agency offset his salary without sufficient notice, he did not receive any due process for veterans' preference, he was not advised of his veterans' rights, he was "given incorrect amounts of [his] debt at most two years after pay period 2, 2011," he was denied a hearing for over 2 years, he was not allowed to inspect documents concerning his debt, and the salary offset was incorrect. IAF, Tab 1 at 2, 4; *see also* IAF, Tab 7 at 2-3; RAF, Tab 1 at 1-2.

¶6      After holding a status conference, the administrative judge issued an order which advised the appellant of his burden of proving Board jurisdiction over his involuntary resignation appeal. RAF, Tab 5 at 1-3. Furthermore, the administrative judge noted that the Board lacked jurisdiction over the appeal as a Veterans Employment Opportunities Act of 1998 (VEOA) claim because the appellant did not exhaust his remedy with the Department of Labor (DOL). *Id.* at 3. The administrative judge invited the parties to notify her of any errors in the order. *Id.* at 6. Neither party responded to the order. The administrative judge

issued an initial decision dismissing the appeal for lack of jurisdiction, finding that as a reemployed annuitant, the appellant was essentially an at-will employee with no Board appeal rights. RAF, Tab 6, Initial Decision (ID) at 2, 5. The administrative judge also declined to take jurisdiction over the matter as a VEOA claim, noting that the appellant did not exhaust his administrative remedies with DOL. ID at 6. Because she found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction, the administrative judge did not hold the requested hearing.[2] ID at 1-2; IAF, Tab 7 at 2.

¶7 The appellant has timely filed a petition for review. PFR File, Tab 1. The agency has not filed a response.

### As a reemployed annuitant, the appellant cannot appeal his resignation to the Board.

¶8 On review, the appellant argues that his resignation was the result of the agency's claim that it could collect an overpayment. *See id.* at 3. He also alleges that the agency's claim in this regard was misinformation, deception, or coercion because it "knew it could not prove a debt amount." *Id.* In addition, the appellant argues that the agency should not have deducted any amount from his salary prior to notice of the debt, and that the agency failed to advise him of his right to complain to DOL.[3] *Id.* at 4-5. We agree with the administrative judge's

---

[2] On review, the appellant argues that he was denied the right to a hearing. Petition for Review (PFR) File, Tab 1 at 3. An appellant is entitled to a hearing on jurisdiction if he makes a nonfrivolous allegation that the Board has jurisdiction over his appeal. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). We agree with the administrative judge's decision to deny the appellant's request for a hearing because he failed to make a nonfrivolous allegation.

[3] The appellant argues on review that he should have been hired under the regulations regarding reemployment of disability annuitants. PFR File, Tab 1 at 4 (citing 5 C.F.R. §§ 837.402, 403). The cited regulations provide, in pertinent part, that the agency should give an annuitant certain information regarding the effect his employment may have on his annuity. 5 C.F.R. § 837.402(a). The Board lacks authority to enforce these regulations in the absence of an appealable action. *Cf. Scott v. Office of Personnel Management*, 117 M.S.P.R. 467, ¶ 14 (2012) (holding that the Board lacks jurisdiction over a suitability investigation that does not result in an appealable action).

finding that as a reemployed annuitant, the appellant has no right to appeal his separation to the Board.  ID at 5.

¶9        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving by preponderant evidence that the matter he is appealing is within the Board's authority to review.  *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), *cert. denied*, 133 S. Ct. 414 (2012); 5 C.F.R. § 1201.56(a)(2)(i).  An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary resignation only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Gibeault v. Department of Treasury*, 114 M.S.P.R. 664, ¶ 6 (2010).  A nonfrivolous allegation of fact is one that, if proven, could make out a prima facie case that the appellant's resignation was involuntary.  *Id.*

¶10      In an adverse action appeal filed under chapter 75 of Title 5, an individual generally can show that a resignation is involuntary where he presents sufficient evidence to establish that the resignation was obtained through duress or coercion, or that a reasonable person would have been misled by the agency.  *Id.*  However, an individual like the appellant who is reemployed in an appointive position while receiving an annuity serves at the will of the appointing authority unless he ceases collecting an annuity upon reemployment.  *See* 5 U.S.C. § 3323(b)(1); *see also Vesser v. Office of Personnel Management*, 29 F.3d 600, 605 (Fed. Cir. 1994) (actual receipt of an annuity is significant concerning the at-will status of a reemployed individual).  A reemployed annuitant receiving an annuity generally has no right to appeal his separation to the Board.  *See Garza v. Department of Navy*, 119 M.S.P.R. 91, ¶ 9 (2012) (applying this rule in the case of an individual receiving a Federal Employees' Retirement System disability annuity).  Therefore, even if the appellant were to prove by a preponderance of the evidence that his resignation was involuntary, the Board nevertheless would

lack jurisdiction over his appeal because he was a reemployed annuitant.[4]  *See Bovay v. Small Business Administration*, 100 M.S.P.R. 175, ¶ 7 (2005).

The Board lacks jurisdiction to review the appellant's salary offset.

¶11     On petition for review, the appellant argues that his salary should not have been "deducted before notification."  PFR File, Tab 1 at 4.  The Board only has jurisdiction over a debt collection action in the context of recovery of an overpayment in retirement benefits by OPM.  *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 5 (2010).  That is not what occurred here.  Therefore, in the instant case, the appellant's salary offset is not within the Board's jurisdiction.  *See Sherman v. General Services Administration*, 4 M.S.P.R. 295, 296 (1980) (a bill for monies allegedly due is not a reduction in pay and is beyond  the Board's jurisdiction).  The administrative judge did not make any findings on this issue.  However, her omission is harmless because, in any case, the Board lacks jurisdiction over this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The Board lacks jurisdiction over the appellant's VEOA claim.

¶12     The administrative judge found that because the appellant did not exhaust his remedy with DOL, the Board lacks jurisdiction over his appeal as a VEOA claim.  ID at 6.  We agree.

---

[4] Even if the Board had jurisdiction over this appeal, the fact that the appellant initiated his separation from the agency belies his allegation that his resignation was involuntary. *See Eller v. Office of Personnel Management*, 121 M.S.P.R. 17, ¶ 11 (2014) (the hallmark of a voluntary separation from employment is the employee's initiation of his separation from employment), *aff'd as modified*, 2014 MSPB 72.  Further, a resignation is not considered involuntary where an employee decides to resign because he does not want to accept measures the agency is authorized to adopt that make "continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).

¶13    To establish Board jurisdiction over a VEOA appeal relating to veterans' preference, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that: (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the date that the VEOA was enacted, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012) (citing 5 U.S.C. § 3330a). For an appellant to meet VEOA's requirement that he exhausted his remedy with DOL, he must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *Alegre v. Department of Navy*, 118 M.S.P.R. 424, ¶ 12 (2012).

¶14    In the instant case, the administrative judge indicated as a stipulated fact that the appellant had not filed a complaint with the Secretary of Labor. RAF, Tab 5 at 5. The appellant was given an opportunity to object to this stipulated fact, but he did not do so. *Id.* at 6. In his initial appeal, and again on review, the appellant argues that the agency did not advise him to contact DOL. PFR File, Tab 1 at 5; IAF, Tab 7 at 4. However, we are unable to locate any regulation that requires an agency to provide notice of an individual's right to file a VEOA complaint, and the statute does not contain this requirement. *See* 5 U.S.C. § 3330a (discussing administrative redress relating to claims of violation of veterans' preference rights); 5 C.F.R. §§ 1208.2(b) & 1208.21 (discussing the DOL exhaustion requirement). Based on our review of the record, we find no reason to disturb the administrative judge's initial decision finding that the appeal is not within the Board's jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.